### IN THE UNITED STATES DISTRICT COURT
### FOR DISTRICT OF DELAWARE

| | |
|---|---|
| **BRUCE BITTAN, JACK ENRIGHT, and PATRICK SMITH, individually and on behalf of all persons similarly situated,** | Civil Action No.: _____ |
| **Plaintiffs,** | Jury Trial Demanded |
| v. | |
| **BBG, INC.,** | |
| **Defendant.** | |

### COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Bruce Bittan, Jack Enright, and Patrick Smith (together, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective and Class Action Complaint against Defendant BBG, Inc. ("Defendant" or "BBG"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and New York Wage Laws. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### INTRODUCTION

1. Plaintiffs and the putative Collective and Class Members were or are employed by Defendant as Appraisal Analysts, Research Appraisers, Trainee Appraisers, and other substantially similar positions ("Appraisers").

2. This case is about Defendant's willful refusal to pay overtime wages to its Appraisers who perform substantially similar, low level appraisal work throughout the United States. Despite mounting legal authority that appraisers are entitled to overtime under the Fair

1

Labor Standards Act 29 U.S.C. § 201, *et. seq.* ("FLSA"), Defendant has steadfastly refused to pay its in-house Appraisers any overtime compensation in willful violation of the FLSA and state wage and hour protections.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated in this District and conducts business in this District.

## THE PARTIES

6. Plaintiff Bruce Bittan is an individual residing in New York, New York. Plaintiff Bittan worked for BBG, Inc. as an Appraisal Analyst from July 2014 to October 2020. Plaintiff Bittan was employed by BBG through its New York office.

7. Plaintiff Jack Enright is an individual residing in Point Pleasant, New Jersey. Plaintiff Enright worked for BBG, Inc. as an Appraisal Analyst from November 2020 to July 2024. Plaintiff Enright was employed by BBG through its New York office. Pursuant to 29 U.S.C. § 216(b), Plaintiff Enright consented to be a plaintiff in this action. *See* Ex. A.

8. Plaintiff Patrick Smith is an individual residing in Dublin, Ohio. Plaintiff Smith worked for BBG, Inc. as an Appraisal Analyst from July 2021 to July 2022. Plaintiff Smith was employed by BBG through its Columbus office. Pursuant to 29 U.S.C. § 216(b), Plaintiff Smith consented to be a plaintiff in this action. *See* Ex. B.

9. Defendant BBG, Inc. ("BBG") is a Delaware corporation with its corporate principal place of business located at 8343 Douglas Avenue, Suite 700, Dallas, Texas 75225.

10. The unlawful acts alleged in this Complaint were committed by BBG and/or BBG's officers, agents, employees, or representatives, while actively engaged in the management of BBG's businesses or affairs and with the authorization of BBG.

11. At all times relevant to this Complaint, Plaintiffs were employees of BBG and covered by the FLSA.

12. BBG is an employer covered by the FLSA.

13. BBG employed Plaintiffs and has employed and continues to employ similarly situated employees across the United States.

14. BBG employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

15. BBG's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

16. Plaintiffs Enright and Smith bring Count I of this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated persons:

> All individuals who worked for BBG, Inc. as Appraisal Analysts, Trainee Appraisers, Researcher Appraisers, and those in similar positions (collectively, "Appraisers") during the past three years in United States who were not paid overtime compensation when they worked over forty (40) hours in a workweek (the FLSA Collective" or "FLSA Collective Members").

17. Plaintiffs Bittan and Enright bring Counts II and III of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and the following class:

> All individuals who worked for BBG, Inc. as Appraisal Analysts, Trainee Appraisers, Researcher Appraisers, and those in similar positions (collectively, "Appraisers") during the past six (6) years in New York who were not paid overtime compensation when they worked over forty (40) hours in a workweek (the "New York Class" or "New York Class Members").

18. The FLSA Collective and the New York Class are together referred to as the "Classes."

19. Plaintiffs reserve the right to redefine the FLSA Collective and New York Class prior to notice, and thereafter, as necessary.

## COMMON FACTUAL ALLEGATIONS

20. Defendant is a national commercial real estate valuation and appraisal management company.

21. Defendant employs Appraisers, such as Plaintiffs and those similarly situated, who have the primary duty of conducting initial appraisals, which consists of inputting data in Defendant's programs and drafting reports according to Defendant's guidelines.

22. At all times relevant herein, Defendant has operated a willful and intentional scheme to deprive Plaintiffs and the Class Members of overtime compensation.

23. During the relevant time periods, it has been Defendant's policy to uniformly classify Appraisers, including Plaintiffs, as exempt from federal and state overtime provisions and not to pay Appraisers any overtime wages.

24. Defendant uniformly misrepresented to Plaintiffs and Class Members that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiffs and Class Members were nonexempt production employees entitled to overtime pay.

25. Plaintiffs and Class Members were subject to productivity requirements and are production workers. The appraisals generated by Defendant's Appraisers are the very product Defendant produces and sells to its customers.

26. The primary duties of Appraisers are non-exempt. These primary duties do not vary significantly from one Appraiser to another.

27. The primary duty of Appraisers consists of routine work, dictated by detailed guidelines promulgated and enforced by Defendant. Appraisers are required to follow detailed checklists, and extract, verify and enter market data into Defendant's systems.

28. The reports created by the Appraisers are based on formulaic templates. Appraisers are trained to apply pre-established guidelines and procedures to complete these templates. They are required to fill in the boxes on forms, follow the policies dictated by Defendant and/or federal regulations, use data obtained in their property visits, and obtain data from electronic databases made available by Defendant or to the public. Appraisers are provided detailed guidelines on how to complete onsite inspections or property visits. Compliance with Defendant's procedures and guidelines removes any exercise of independent judgment and discretion.

29. Plaintiffs and Class Members were required to complete an appraisal of an assigned property within two (2) weeks of receiving the assignment. Plaintiffs and Class Members were discouraged from turning down assignments and were required to work as many hours as required to complete their projects by the assigned due dates.

30. Plaintiff Bittan regularly had three (3) to four (4) projects assigned to him at one time.

31. The primary duties of Appraisers do not fall under any of the exemptions under federal or state overtime laws.

32. Appraisers are not administrators of Defendant's general business operations or makers of Defendant's overarching policies. Their work does not involve nor is it related to the management of defendant's business.

33. Appraisers are not learned professionals because their work does not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction, as those terms are defined in the FLSA.

34. Appraisers perform no sales, *i.e.*, generate no new loan business for Defendant, so they are not subject to any outside sales exemption under the FLSA. Rather, they conduct appraisals of properties as such appraisals are assigned to them by Defendant.

35. Plaintiffs and Class Members routinely worked in excess of forty (40) hours per week for Defendant without receiving proper overtime pay.

36. To meet Defendant's requirements, Plaintiffs and Class Members were required to work long hours, including overtime hours, to complete their job responsibilities and meet Defendant's productivity standards.

37. Between July 2014 and October 2020, Plaintiff Bittan was employed as an Appraisal Analyst in Defendant's New York City office. Plaintiff Bittan regularly worked in excess of forty (40) hours per week, for an average of fifty (50) to fifty-five (55) hours per week. He typically worked Monday through Friday from 10:00 a.m. and 7:30 p.m. and Saturday from 11:00 a.m. to 6:00 p.m.

38. Between November 2020 and July 2024, Plaintiff Enright was employed as an Appraisal Analyst in Defendant's New York City office. Plaintiff Enright regularly worked in excess of forty (40) hours per week, and on busy weeks, worked as many as fifty (50) hours per week.

39. Between July 2021 and July 2022, Plaintiff Smith was employed as an Appraisal Analyst in Defendant's Columbus office. Plaintiff Smith regularly worked in excess of forty (40) hours per week, for an average of forty-five (45) to fifty (50) hours per week.

40. From December 2021 to April 2022, Plaintiff Smith's supervisor was on leave, and he assumed a particularly substantial workload. During this time, he worked an average of sixty (60) to eighty (80) hours per week.

41. Defendant did not properly pay Plaintiffs and the Class Members overtime compensation for hours worked over forty (40) hours per workweek. Rather, Plaintiffs were paid exclusively on a commission basis, without regard for overtime compensation owed under the FLSA and state law.

42. Defendant, a sophisticated national provider of commercial real estate appraisal and assessment services, has been aware, or should have been aware, that Plaintiffs and Class Members performed non-exempt work that required payment of overtime compensation.

43. Defendant knew that Plaintiffs and Class Members worked unpaid overtime hours, because Plaintiffs' supervisors and other managers received email communications and submissions after business hours that made clear that Plaintiffs and the Class Members were working long hours. Further, Plaintiff Bittan worked in the New York City office and his supervisors and managers observed him work long hours in excess of forty (40) per week.

44. At all times relevant to this Complaint, Defendant has acted willfully and/or with reckless disregard of the applicable FLSA and state law provisions by failing to properly compensate Plaintiffs and Class Members for all hours worked, including overtime compensation under the FLSA and New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiffs Enright and Smith bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the Collective Members as defined above.

46. Plaintiffs Enright and Smith desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

47. Plaintiffs Enright and Smith and the Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been properly paid overtime compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry into common facts, including, Defendant's common compensation and payroll practices applicable to the employees at issue.

48. The Collective Members are known to Defendant, are readily identifiable through HR and payroll records, and can easily be located through BBG's business and human resources records and electronic systems.

49. Defendant employs hundreds of Collective Members. These similarly situated employees, consisting of both current and former employees who have been employed by BBG during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## NEW YORK CLASS ALLEGATIONS

50. Plaintiffs Bittan and Enright bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the New York Class as defined above.

51. The members of the New York Class are so numerous and dispersed that joinder of

all the members is impracticable. Upon information and belief, there are more than forty (40) members in the New York Class.

52. Plaintiffs Bittan and Enright will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like the one at bar.

53. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate the laws of New York, whether Defendant has misclassified Plaintiffs Bittan and Enright and the members of the New York Class as exempt from the protections of the New York Wage laws; whether Defendant failed to compensate Plaintiffs Bittan and Enright and the New York Class for hours worked in excess of forty (40) hours per workweek in violation of and within the meaning of N.Y. Lab. Law Article 6, §§ 190, *et seq*.; whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs Bittan and Enright and the New York Class; and whether Defendant acted willfully or with reckless disregard in its failure to pay the New York Class.

54. Plaintiffs' claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiffs Bittan and Enright are members of the New York Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the New York Class members; and (e) the

injuries suffered by Plaintiffs are similar to the injuries suffered by the New York Class members.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class members.

56. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class members are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual New York Class members that would establish incompatible standards of conduct for Defendant.

57. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

58. Without a class action, Defendant will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**on behalf of Plaintiffs Enright and Smith and the Collective Members**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

61. The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

62. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

63. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

64. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

65. During all relevant times, Plaintiffs and the Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

66. Plaintiffs and the Collective Members are not exempt from the requirements of the FLSA.

67. Defendant, pursuant to its policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiffs and the Collective Members during the relevant time period.

68. Defendant knowingly failed to properly compensate Plaintiffs and the Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

69. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

70. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**NYLL – Unpaid Overtime**
**N.Y. Lab. Law §§ 190, et seq., 650, et seq.; 12 N.Y.C.R.R. Part 142-2.2**
<u>**on behalf of Plaintiffs Bittan and Enright and the New York Class**</u>

71. All previous paragraphs are incorporated as though fully set forth herein.

72. NYLL § 652 and N.Y. COMP. CODES R. & Regs. tit. 12, § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

73. Overtime compensation due to New York workers is governed by New York Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

74. NYLL requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

75. NYLL requires that resident employees be compensated for all hours worked in excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

76. Defendant is subject to the wage requirements of NYLL because Defendant is an "employer" under N.Y. LAB. LAW 615(6)

77. During all relevant times, Plaintiffs and New York Class Members are covered employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW 651(5) and N.Y. COMP. CODES R. & REGS. tit. 12 142-2.14.

78. Plaintiffs and New York Class Members are not exempt from the requirements of NYLL.

79. Defendant failed to pay Plaintiffs and the members of the New York Class wages to which they are entitled under the NYLL. Defendant failed to pay Plaintiffs and New York Class members for overtime at a rate of one and one-half times their regular rate of pay in violation of the requirements of the NYLL.

80. By the course and conduct set forth above, Defendant has violated N.Y. Lab. Law §§ 190, *et seq.*, 650 *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

81. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the New York Class members.

82. Defendant's failure to pay overtime compensation to Plaintiffs and New York Class members was willful within the meaning of N.Y. Lab. Law §§ 198, 663.

83. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and New York Class members have incurred damages and Defendant is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendant's unlawful and willful conduct, as the Court deems just and proper. Plaintiffs and New York Class Members seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

## COUNT III
### NYLL – Failure to Provide Complete and Accurate Wage Statement
### N.Y. Lab. Law, Article 6, § 195(3)
### on behalf of Plaintiffs Bittan and Enright and the New York Class

84. All previous paragraphs are incorporated as though fully set forth herein.

85. On information and belief, Defendant failed to supply Plaintiffs and New York Class Members with accurate wage statements, pursuant to NYLL § 195(3), containing the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular hourly rate or rates of pay; the number of hours worked, including regular hours and overtime hours worked if applicable; deductions; and net wages.

86. Due to Defendant's violations, Plaintiffs and New York Class members are entitled to damages of two-hundred fifty dollars and zero cents ($250.00) for each workday that Defendant failed to provide accurate wages statements, not to exceed five-thousand dollars and zero cents ($5,000.00), pursuant to NYLL § 198(1-d), as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and the Class Members:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Members;

c. Certification of the New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Back pay damages (including overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial for all issues of fact.

Dated: September 3, 2024

Respectfully Submitted,

*/s/ Russell Paul*
Russell Paul
**BERGER MONTAGUE PC**
800 N. West Street, Suite 200
Wilmington, DE 19801
Tel.: (302) 691-9545
Fax: (215) 875-4620
rpaul@bm.net

Alexandra K. Piazza
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, D.C. 20006
Tel.: (202) 559-9740
Fax: (215) 875-4620
apiazza@bm.net

Olivia Lanctot
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
olanctot@bm.net